UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALICE HICKS,

                Plaintiff,

    v.

WASHINGTON STATE HUMAN
RIGHTS COMMISSION,

                Defendants.

Case No. C19-5711 BHS

ORDER TO SHOW CAUSE OR
AMEND THE COMPLAINT

This matter has been referred to Magistrate Judge Theresa Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Plaintiff has filed an application to proceed *in forma pauperis* status in this matter and a proposed complaint. Dkt 1; Dkt 1-1. Considering deficiencies in the complaint discussed below, however, the Court will not grant the application to proceed *in forma pauperis status* at this time. On or before **September 6**, plaintiff must either show cause why the complaint should not be dismissed or file an amended complaint. Plaintiff's application to proceed *in forma pauperis* shall be re-noted for September 6, 2019.

DISCUSSION

*Proposed Complaint*

In her proposed complaint, plaintiff claims to have suffered violations of the First Amendment right to petition the government, the Fourteenth Amendment rights to equal protection and due process, and the right to fair housing under Title VIII of 42 U.S.C. 3601. Plaintiff has named the Washington Human Rights Commission ("Commission") as defendant in

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

this action, alleging that the Commission violated the requirements of RCW 49.60.240 in failing to properly investigate plaintiff's complaint of housing discrimination.

Plaintiff alleges she filed a claim with the Commission alleging that her rental agreement had been unfairly terminated because of her race. Dkt. 1-1 at 9. The assigned investigator from the Commission took "365 days and 2 months" to complete her investigation, rather than the 100 days allotted for investigation by the Commission's rules. *Id.*, at 10. She further alleges that the investigator made a false report to the Commissioner finding "no reasonable cause" to find that an unfair housing practice had occurred, by failing to consider plaintiff's account of intimidation by her former landlord and Section 8 officials, or by failing to verify allegedly untrue information. *Id.*, at 11-12.

Alleging that this conduct was intentional on the part of the Commission-assigned investigator, plaintiff argues that this constitutes a violation of equal protection and due process under the Fourteenth Amendment. *Id.*, at 5. She also alleges that the Commission's delay unlawfully prevented plaintiff from filing her own lawsuit in this court against the alleged discriminator by extending the investigation past the statute of limitations for her housing discrimination claims. *Id.*, at 11. Plaintiff argues that this amounts to interference with her First Amendment right to petition the government for relief. *Id.*

Plaintiff lists a single injury, emotional distress. Dkt. 1-1 at 7. She is seeking monetary damages for the above conduct by the investigator and for the Commission's finding of "no reasonable cause" regarding unfair practices in her situation. *Id.*

The court must dismiss the complaint of an individual seeking to proceed *in forma pauperis* "at any time if the court determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

*Standard of Review*

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain:

(1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) A short and plain statement of the claim showing the pleader is entitled to relief; and
(3) A demand for the relief sought, which may include relief in the alternative or different types of relief.

While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions" or "'naked assertion[s]' devoid of "further factual enhancements." *Id*. (*quoting, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When a plaintiff appears *pro se* in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (1988). However, this lenient standard does not excuse a *pro se* litigant from meeting the most basic pleading requirements. *See*, *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

*Improper Defendant*

The Eleventh Amendment of the United States Constitution prohibits a private citizen from suing a state government in federal court without the state's consent. *See, Tenn. Student*

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

*Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996). This Eleventh Amendment immunity extends to state agencies. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Natural Resources Defense Council*, 96 F.3d at 421.

Plaintiff names the Washington State Human Rights Commission as defendant in her proposed complaint. Dkt. 1-1 at 2. However, the state of Washington has neither waived its immunity and consented to suit in federal court, nor has Congress abrogated the state's immunity with respect to the Commission. *See Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304* (1990). The Commission may not be sued for its findings or business as a state agency. Plaintiff must either show cause indicating that the state has waived its immunity from suit here, or must amend the complaint with a proper, non-state agency defendant.

*Failure to State a Claim*

Plaintiff's alleged civil rights violations by a state actor would potentially fall under the protections of 42 U.S.C. § 1983. Plaintiff's complaint falls short of Rule 8 pleading standards, however. To state a claim under § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (1982).

As described above, plaintiff has named as defendant a state agency, and not a "person" for the purposes of the statute. The Commission is not a proper defendant in this case. Plaintiff's claims revolve around the acts and omissions of the Commission's investigator, Christina Higgins, who is a private party described as acting under color of state law in the complaint. Dkt. 1-1 at 10. However, plaintiff has not named Ms. Higgins or any other private person as a defendant in the complaint.

Beyond the issue of the named parties in the suit, plaintiff has not met sufficient factual allegations to meet the pleading standards of Rule 8. Plaintiff asserts that her equal protection, due process, and First Amendment rights have been violated, but she has not alleged any conduct that plausibly amounts to a violation of any civil rights. Dkt. 1-1. Plaintiff's underlying grievance is racial discrimination in the context of her housing situation, but her instant complaint against the Commission lacks any facts tying either the Commission or the Commission's investigator to racially discriminatory conduct. *Id.*, at 9.

Allegations that the investigator "intentionally" denied plaintiff of her rights are conclusory statements that do not contribute to a statement of a cognizable claim. Plaintiff offers facts asserting that the investigator pursued a shoddy and untimely investigation, but those facts alone do not amount to an argument that plaintiff has suffered any violation of equal protection or due process. *Id.*, at 10. Neither do the assertions that the Commission made an "unjust" finding of no reasonable cause, or that the Commission closed plaintiff's case. *Id.*, at 7, 14-15.

Plaintiff alleges facts that the investigation took far longer than either state statute or the Commission's rules allow, lasting over a year, while plaintiff claims that the investigation should only have taken 100 days. *Id*. These facts alone, which potentially assert a state law violation, do not constitute a violation of a due process right secured by federal law or the Constitution.

Plaintiff has also mischaracterized the relevant Commission rule here, which sets the length for investigations of real estate transaction complaints at 100 days—while maintaining an exception for extensions for reasons of practicability. WAC 162-08-09401(5), (6). Plaintiff alleges that the Commission's investigator sent a writing that advised of the reasons for not completing the investigation in the time allotted; plaintiff is dissatisfied with those reasons. Dkt. 1-1 at 10-11. The facts as indicated by plaintiff's proposed complaint therefore indicate only that the Commission complied with its rules, plaintiff's displeasure aside.

Plaintiff has also failed to allege facts to substantiate a violation of her First Amendment right to petition the government. Although plaintiff claims to have been prejudiced in her ability to file a discrimination claim by the untimeliness of the Commission's investigation (Dkt. 1-1 at 11), state statute and the rules of the Commission expressly preserve the right of complainants to seek other remedies, including a civil suit in this court. RCW 49.60.240, WAC 162-08-061, WAC 162-08-062.

No policy of the Commission, nor any act that Plaintiff alleges in her complaint would have interfered with having simultaneously filed her own suit at any point during the Commission's investigation. Plaintiff would need to allege more specific acts or omissions by individuals and would need to describe how any acts or omissions interfered with her ability to file her own discrimination suit—if such facts exist—to state a cognizable claim.

## CONCLUSION

Due to the deficiencies described above, the Court will not grant Plaintiff's application to proceed *in forma pauperis*. Plaintiff may show cause why her complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before September 6, 2019**. If an amended complaint is filed, it must be legibly rewritten or

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 6

retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). The court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983 or other applicable law.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 8th day of August, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT - 7