UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALICE HICKS,<br><br>      Plaintiff,<br>  v.<br><br>WASHINGTON STATE HUMAN RIGHTS COMMISSION,<br><br>      Defendants. | Case No. C19-5711 BHS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION FOR IN FORMA PAUPERIS STATUS |

This matter has been referred to Magistrate Judge Theresa Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Previously, plaintiff filed an application to proceed *in forma pauperis* and a proposed complaint. Dkt 1; Dkt 1-1. Upon considering deficiencies in the complaint, the Court ordered plaintiff to show cause why her claims should not be dismissed and or file an amended proposed complaint. Dkt. 3. In response, plaintiff filed a second proposed complaint. Dkt. 4. Because plaintiff has failed to cure the previously indicated deficiencies, the Court recommends that plaintiff's application for *in forma pauperis* status be denied.

A. DISCUSSION

1. *Second Proposed Complaint*

As in the original proposed complaint, the new proposed complaint alleges violations of the Fourteenth Amendment rights to equal protection and due process, and the right to fair housing under Title VIII of 42 U.S.C. § 3601. Plaintiff has replaced the Washington State Human Rights Commission ("WSHRC") with two of its officials as defendants, Christina

REPORT AND RECOMMENDATION TO DENY
APPLICATION FOR IN FORMA PAUPERIS STATUS - 1

1  Higgins and Cheryl Strobert. She alleges that these defendants personally failed to properly
2  investigate plaintiff's complaint of housing discrimination in a thorough and timely manner, and
3  that in their official communication with the plaintiff, they mischaracterized plaintiff's right to
4  bring civil claims under the Fair Housing Act "FHA", such that plaintiff detrimentally relied on
5  their words and avoided filing her own FHA civil claim in this Court before the statute of
6  limitations ran.

7  Plaintiff alleges she filed a housing discrimination claim with the Seattle regional office
8  of the Department of Housing and Urban Development ("HUD") on February 6, 2018, following
9  the termination of her rental lease on May 12, 2017. Dkt. 4, at 8. Plaintiff alleges that her rental
10 agreement was unfairly terminated because of her race, claiming that the eviction proceedings
11 differed for and discriminated against African-American tenants. *Id.* at 17.

12 HUD referred plaintiff's case for investigation to the WSHRC pursuant to 42 U.S.C. §
13 3610(f), which allows HUD to delegate investigation of complaints to HUD-certified state and
14 local agencies, such as WSHRC. *See* Notice of Certification and Funding of State and Local Fair
15 Housing Enforcement Agencies Under the Fair Housing Assistance Program, 73 Fed. Reg.
16 15535, 15536 (Mar. 24, 2008). WSHRC opened plaintiff's case for investigation on February 12,
17 2018.

18 According to the complaint, another investigator initially handled plaintiff's case, but the
19 complaint was reassigned after some months to Christina Higgins, a WSHRC Civil Rights
20 Specialist; Ms. Higgins communicated to plaintiff that the investigation would require 60 days
21 longer than the standard 100 days allotted for investigation by WSHRC rules. Dkt. 4, at 8-9. On
22 August 1, 2018, after 160 days of investigation had passed without other communications from
23 WSHRC, plaintiff wrote to WSHRC for an update on her case. She received a response from

24
25

1  Cheryl Strobert, Deputy Director at WSHRC, indicating that Higgins had yet to review
2  plaintiff's file. *Id.* at 9.
3        Plaintiff alleges that defendant Higgins neglected to make use of the investigative tools of
4  the WSHRC, e.g., subpoenas, to obtain responsive or additional information from the respondent
5  to plaintiff's claim, her prior landlord. *Id.* at 12. Plaintiff alleges that on November 28, 2019,
6  defendant Strobert promised to use a subpoena to procure information from the respondent to her
7  fair housing claim, but that no such action occurred. *Id.* at 11-12. Plaintiff alleges that the
8  respondent only responded to her complaint in February 2019, and that the remaining
9  investigation extended only to a single telephone interview of the respondent. *Id.* at 12. On April
10 29, 2019, defendants both signed the report on the WSHRC's investigation, finding "no
11 reasonable cause" to indicate that a discriminatory act had occurred. *Id.* at 16. After the
12 reconsideration period, the finding was not changed, and WSHRC closed plaintiff's case on June
13 10, 2019. *Id.* at 13.
14       Plaintiff challenges the "no reasonable cause" result of the investigation as improper. She
15 claims that the investigation was incomplete, because she was never asked for more information
16 to bolster her claim after defendant Higgins interviewed the respondent. Dkt. 4, at 15. She also
17 claims that the investigation itself did not address the issue of disparate eviction proceedings in
18 her complaint. *Id.* at 17. Plaintiff argues that under the FHA and the standards promulgated by
19 HUD in their FHA Handbook, she has a right protected under § 1983 to a "fair, impartial, and
20 timely investigation" in accordance with equal protection and due process under the Fourteenth
21 Amendment and federal statute (i.e., the FHA). *Id.* at 18.
22       Plaintiff also claims that the same equal protection and due process rights under the
23 Fourteenth Amendment and the FHA guarantee the right to file her own civil FHA lawsuit in this
24
25

REPORT AND RECOMMENDATION TO DENY
APPLICATION FOR IN FORMA PAUPERIS STATUS - 3

1  court, and that the defendants violated that right by preventing her from filing her lawsuit before
2  the two-year statute of limitations had run. *Id.* at 13.
3        Plaintiff seems to assert additional claims under state law, such as for negligence and
4  Washington's own fair housing statute, based on the same conduct detailed above. Dkt. 4, at 18,
5  37-38. Plaintiff is seeking $100,000.00 in monetary damages for the emotional distress caused by
6  the alleged violations. *Id.* at 37.
7        *2. Standard of Review*
8        The court must dismiss the complaint of an individual seeking to proceed *in forma*
9  *pauperis* "at any time if the court determines" that the action: (a) "is frivolous or malicious"; (b)
10 "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a
11 defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b).
12 A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745
13 F.3d 1221, 1228 (9th Cir. 1984).
14       Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim
15 for relief must contain:

> (1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) A short and plain statement of the claim showing the pleader is entitled to relief; and
> (3) A demand for the relief sought, which may include relief in the alternative or different types of relief.

20       While the pleading standard under FRCP 8 "does not require 'detailed factual
21 allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me
22 accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than

"labels and conclusions" or "'naked assertion[s]' devoid of "further factual enhancements." *Id*. (*quoting, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When a plaintiff appears *pro se* in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (1988). However, this lenient standard does not excuse a *pro se* litigant from meeting the most basic pleading requirements. *See*, *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

To state a claim under § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (1982).

   *3.  Fatal Deficiencies in the Proposed Complaint*

Plaintiff's second proposed complaint added salient facts to her claims, but the complaint argues essentially the same violations as the first (denial of a fair and timely investigation and interference with her right to file a civil fair housing claim). The deficiencies that this Court previously instructed plaintiff to cure have not been addressed by the additional alleged facts.

   *a.  Eleventh Amendment Immunity*

This Court previously indicated that WSHRC could not be sued directly for damages, because as a Washington state agency, WSHRC has Eleventh Amendment immunity from suits

1 for damages under § 1983. Dkt. 3, at 4. In accordance with the Court's instruction, plaintiff's

2 proposed complaint instead named two individual WSHRC officials, and she included details of

3 their personal involvement with the alleged claims. *Id.*; Dkt. 4, at 2. This does not cure the issue

4 of Eleventh Amendment immunity, because plaintiff sues these defendants in their official

5 capacity. *Id.* Official-capacity suits raised under § 1983 seek liability from the agency employing

6 the defendant official, and therefore state employees sued in their official capacity are also

7 immune from suits for damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989). As a

8 result, the Court must dismiss the complaint for lack of subject matter jurisdiction.

                   *b.   No Right to an Investigation under § 1983*

10         Construing plaintiff's complaint liberally, the plaintiff, who is proceeding *pro se*, may

11 have intended to file suit against defendants Higgins and Strobert in their individual capacities.

12 Even if the Court finds subject matter jurisdiction, plaintiff has failed to plead facts that would

13 meet the standards of Federal Rule of Civil Procedure Rule 8. Plaintiff asserts that her equal

14 protection and due process rights have been violated, but the rights raised by plaintiff's facts—to

15 have the WSHRC conduct a full and satisfactory investigation, and to bring a civil suit for FHA

16 claims—do not implicate the constitutional rights of equal protection or due process, as this

17 Court previously held in its order to show cause. Dkt. 3, at 5. Without a constitutional

18 connection, plaintiff's alleged violation must arise out of a right provided by federal statute to

19 state a § 1983 claim. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Plaintiff argues that

20 HUD's Title VIII Complaint Intake, Investigation, and Conciliation Handbook (8024.1) defines

21 her "due process" rights as to how an investigation should be run, but an agency handbook does

22 not comprise the "laws of the United States," and therefore cannot provide rights protected by §

23 1983. *Id.*

24

25

REPORT AND RECOMMENDATION TO DENY
APPLICATION FOR IN FORMA PAUPERIS STATUS - 6

The relevant federal statute, the FHA, provides no express or implied private right of action against HUD or its certified agencies for a failure to adequately investigate a claim. 42 U.S.C. §§ 3601-19, 3631; *see Marinoff v. United States Dep't of Hous. and Urban Dev.*, 892 F. Supp. 493 (S.D.N.Y. 1995), *aff'd and adopted*, 78 F.3d 64 (2d Cir. 1996) (section 1983 claim that HUD failed to conduct a proper investigation of a claim of discrimination dismissed for failure to state a claim). Plaintiff's factual assertions of defendants' refusal to investigate suggest a violation of plaintiff's alleged right to a fair, thorough, and timely housing investigation, but since there is no such right found within the Constitution or the FHA, plaintiff has failed to state a claim under § 1983 with respect to the WSHRC's handling of her housing complaint.

      *c. No Interference with Filing of Civil Lawsuit*

Plaintiff's complaint asserts new facts to support the claim that the defendants prevented from bringing her own civil lawsuit under the FHA before the statute of limitations ran, but the complaint fails to state such a claim -- in much the same manner as her original complaint. Dkt. 3, at 6. Civil claims must be brought within two years from the occurrence or termination of an alleged discriminatory practice. 42 U.S.C. § 3613(a)(1)(A). Plaintiff's complaint correctly asserts that the two-year statute of limitations is tolled during any administrative proceeding undertaken by HUD, even if the matter is referred to a state agency such as WSHRC. Dkt. 4, at 23; 42 U.S.C. § 3613(a)(1)(B)-(2) ("The computation of such 2-year period shall not include any time during which an administrative proceeding under this title was pending … An aggrieved person may commence a civil action under this subsection whether or not a complaint has been filed under … [42 USCS § 3610(a)]."). As this Court previously stated, Washington state law and the regulations governing WSHRC preserve the right of FHA complainants to seek a civil suit in this court. Dkt. 3, at 6; RCW 49.60.240, WAC 162-08-061, WAC 162-08-062.

1        Plaintiff quotes from defendants' report, "[t]his Commission action does not preclude the
2   complainant from filing a civil action in a court of competent jurisdiction [RCW 49.60.030(2)].
3   It should be noted that private civil actions must be filed in court within limited periods from the
4   date of the alleged unfair practice." *Id.* at 21. Plaintiff appears to argue that the quote proves
5   defendants Higgins and Strobert drew out the investigation to June 10, 2019, that is, a date past
6   the two-year time limit from May 12, 2017. Even if the Court assumes that § 1983 protects
7   plaintiff's right to bring a civil FHA lawsuit, the plain meaning of the quote does not indicate any
8   interfering conduct on the part of defendants and cannot sustain plaintiff's argument that the
9   right was violated.
10       Plaintiff claims if she had brought her own suit during the pendency of the investigation,
11  the opposing party could have dismissed it as improperly filed, citing 42 U.S.C. § 3610(g)(4).
12  Dkt. 4, at 14. The cited statute does not support plaintiff's claim; instead it refers to the primacy
13  of a private civil action over HUD's determination of housing discrimination. 42 U.S.C. §
14  3610(g)(4) ("The Secretary may not issue a charge under this section regarding an alleged
15  discriminatory housing practice after the beginning of the trial of a civil action commenced by
16  the aggrieved party…seeking relief with respect to that discriminatory housing practice."). The
17  statute reinforces the viability of plaintiff's ability to file her own FHA complaint in district court
18  at any period during defendants' investigation. Plaintiff has not alleged any further facts that
19  purport to show defendants' interference with plaintiff's filing of a civil lawsuit. The complaint
20  therefore falls short of Rule 8 pleading standards and should be dismissed.
21       Additionally, plaintiff lacks standing, because the alleged facts of the complaint do not
22  constitute an injury. Plaintiff alleges that she suffered an FHA violation on May 12, 2017 and
23  that HUD's administrative proceeding lasted from between February 6, 2018, and June 10, 2019.
24
25

REPORT AND RECOMMENDATION TO DENY
APPLICATION FOR IN FORMA PAUPERIS STATUS - 8

Dkt. 4, at 8, 13. According to these facts, the statute of limitations would have been tolled for 490 days, and the two-year statute of limitations has not run out. *See* 42 U.S.C. § 3613; Dkt. 4, at 13-14. Plaintiff cannot yet have suffered an injury to her ability to file a civil claim. With no case or controversy for this Court to determine, plaintiff's interference claim therefore fails for lack of Article III standing. *See Hoffmann v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019).

### *d. Other Claims*

To the extent that plaintiff's complaints includes state law causes of action, the Court should decline to extend its jurisdiction in the absence of any cognizable § 1983 claim.

## B.  CONCLUSION

Plaintiff's second proposed complaint brought essentially the same claims as the first complaint, and the deficiencies the Court previously identified in its order to show cause still exist. The complaint includes facts and allegations that indicate the Court lacks subject matter jurisdiction over plaintiff's claims. Even if the Court finds subject matter jurisdiction, plaintiff has failed to state a cognizable claim under § 1983 that would entitle her to relief.

Accordingly, the Court recommends that plaintiff's application to proceed *in forma pauperis* be **denied**, and that plaintiff's proposed complaint be **dismissed** pursuant to 28 U.S.C. § 1915. Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **October 11, 2019**, as noted in the caption.

Dated this 24th day of September, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION TO DENY
APPLICATION FOR IN FORMA PAUPERIS STATUS - 10